IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY R. BILLUPS, | ) | 4:14CV3189 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RULE, Case Worker, FRANK X. HOPKINS, FRED BRITTEN, BUSBOOM, Associate Warden, and CORRECT CARE SOLUTIONS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Billy Billups ("Billups" or "Plaintiff") filed his Complaint (Filing No. 1) in this matter on September 18, 2014. This court has given Billups leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

    Billups brings this action pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. He also raises state law claims for negligence and medical malpractice. He named Case Worker Rule, Frank Hopkins, Fred Britten, Warden Busboom, and Correct Care Solutions as Defendants.

    Billups is, and was at all relevant times, incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. Billups alleged he suffers from a "severe knee injury" and his knee functions "very poorly." (Filing No. 1 at CM/ECF p. 3.) He alleged that on October 5, 2012, Rule ordered him to move from housing unit 1-D-5 to housing unit 3. Billups opposed the move because "he had a lower bunk pass, and did not

want to take another prisoner out of his lower bunk." (*Id.*) Rule informed Billups he would be placed in segregation if he did not move. Rule, however, informed Billups he would be assigned to a lower bunk in accordance with his lower-bunk pass. Billups alleged Rule assigned Billups to unit 3's upper gallery, which required Billups to walk up and down stairs. (*Id.*)

Upon being assigned to the upper gallery, Billups filed an emergency grievance "to alert staff that he could not go up and down the stairs." (*Id.*) Billups alleged Busboom answered the grievance several days later. Billups did not indicate what Busboom's response was to the grievance. Billups alleged that, by the time Busboom answered the grievance, Billups had already fallen down the stairs and injured himself. Since his fall, Billups has been suffering from severe headaches and other unidentified "physical complications." (*Id.*)

Billups seeks monetary relief in "an amount to be determined at trial." He also seeks a court order requiring Defendants to "allow Plaintiff to be seen immediately by trained, outside, professional medical personnel." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

A.  **Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels*

*v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

In part, Billups seeks monetary relief from state employees acting in their official capacities. The court will dismiss such claims because they are barred by the Eleventh Amendment.

**B.  Britten, Hopkins, Busboom**

Billups does not allege Britten, Hopkins, or Busboom engaged in any wrongdoing. Thus, he has not given them fair notice of the basis or grounds for the claims against them. *See Topchian*, 760 F.3d at 848. Accordingly, the court will dismiss Plaintiff's claims against Britten, Hopkins, and Busboom without prejudice to reassertion in an amended complaint.

**C.  Section 1983 Claims**

Construing Plaintiff's Complaint liberally, he alleges his Eighth Amendment rights were violated when: (1) Rule assigned him to an upper-tier cell, and (2) medical officials did not adequately treat his pain or diagnose his condition.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). A plaintiff claiming deliberate indifference must show an objectively serious medical need that the "defendant actually knew of, but deliberately disregarded." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009). An objectively serious medical need is one "diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th

Cir. 2008) (internal quotation marks omitted). Deliberate disregard requires "more than negligence, more even than gross negligence," but less than "purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### 1. Rule: Upper Tier Assignment

Construing the Complaint generously, Plaintiff alleged Rule assigned him to a cell on the upper tier of a housing unit, even though he knew Plaintiff had authorization to sleep on a lower level bunk because he could not climb stairs. At this stage of the proceedings, the court concludes that these allegations are adequate to state an Eighth Amendment claim against Rule.

### 2. Medical Treatment by Correct Care Solutions

Plaintiff complains medical personnel did not properly treat or diagnose his headaches. Plaintiff complained about headaches to medical personnel from October 12, 2012, to July 31, 2013. Medical personnel responded to his complaints by "prescrib[ing] the equivalent of aspirin." (Filing No. 1 at CM/ECF p. 5.)

Plaintiff does not state an Eighth Amendment claim against Correct Care Solutions. It is apparent Plaintiff's complaints about his headaches were addressed by medical personnel. While a "total deprivation of care is not a necessary condition for finding a constitutional violation," a plaintiff must at least allege the care he received was "grossly incompetent or inadequate." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Plaintiff makes no such allegations here. In addition, his mere

5

disagreement with medical personnel's treatment decisions does not rise to the level of a constitutional violation.

## IV. STATE LAW CLAIMS

Plaintiff also asserts state law medical malpractice and negligence claims against Correct Care Solutions. At this stage of the proceedings, the court makes no finding with respect to its jurisdiction over Plaintiff's state law claims or whether they state a plausible claim for relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Britten, Hopkins, and Busboom are dismissed without prejudice. In addition, Plaintiff's claims for *monetary* relief against Rule in his official capacity are dismissed because they are barred by the Eleventh Amendment.

2. The Clerk of Court is directed to send to Plaintiff a copy of the Complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms for service on Rule in his individual and official capacities. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this Memorandum and Order to complete service of process.

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the Clerk with the completed summons forms. (See attached Notice for persons to be served.) Without these forms, the United States Marshal will not serve process.

4.  Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them to the Marshal for service on Rule in his individual and official capacities, together with copies of the Complaint.

5.  The Clerk is directed to set a pro se case management deadline in this case with the following text: May 8, 2015: Check for completion of service of summons.

DATED this 7th day of January, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendant individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.